| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RAFAEL GONZALEZ ARELLANO | DOCKET NO.<br><br>FILED<br>CLERK, U.S. DISTRICT COURT<br>JUL - 2 2014<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY ___ DEPUTY<br><br>MAGISTRATE'S CASE NO.<br>M 14 01340 |

Complaint for violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE MICHAEL R. WILNER | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|
| DATE OF OFFENSE<br>July 1, 2014 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii)]

On or about July 1, 2014, in Los Angeles County, within the Central District of California, defendant RAFAEL GONZALEZ ARELLANO knowingly and intentionally possessed with the intent to distribute at least five hundred grams, that is approximately 1.36 kilograms, of a mixture or substance containing a detectible amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(A)(viii).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>**HAUNS CHARTERS**<br>OFFICIAL TITLE<br>Special Agent – Drug Enforcement Administration (DEA) |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[(1)]<br>**MICHAEL R WILNER** | DATE<br>July 2, 2014 |
|---|---|

[(1)] See Federal Rules of Criminal Procedure 3 and 54

AUSA Ann C. Kim x2579      REC: Detention

AFFIDAVIT

I, Hauns G. Charters, being duly sworn, hereby declare and affirm:

INTRODUCTION

1. I am currently employed as a Special Agent of the Drug Enforcement Administration ("DEA") in Los Angeles, California and I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), who is empowered to conduct investigations of, and make arrests for the narcotics offenses enumerated in Title 18, United States Code, Section 2516. I have been so employed since August 2004. I am currently assigned to the Southern California Drug Task Force ("SCDTF"). I have personally participated in numerous investigations involving illegal narcotics and money laundering, and I also have reviewed reports of investigations concerning these offenses, which were prepared by Special Agents of the DEA and other law enforcement agencies.

2. I have specialized training and experience in the investigation of narcotics trafficking. I have participated in numerous narcotics investigations as a case agent and in a subsidiary role. I have also participated in the debriefing of a significant number of defendants, informants, and witnesses who had personal

1

knowledge regarding major narcotics trafficking organizations. Additionally, I have participated in many aspects of drug investigations, including conducting surveillance and conducting court-ordered interceptions of wire communications. I am familiar with narcotics traffickers' methods of operation, including the manufacture, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotics trafficking, and money laundering. I am aware that drug traffickers often communicate with their drug-trafficking associates through the use of cellular telephones and digital display paging devices. I am also familiar as to the manner in which narcotics traffickers transport and distribute narcotics in areas they control.

3. I know that methamphetamine is a Schedule II controlled substance. I know that methamphetamine is illegal and imported into the United States in large quantities from points located in Mexico, repackaged in small quantities once it is smuggled into the United States, and sold to street level consumers.

## PURPOSE OF AFFIDAVIT

4. This affidavit is submitted in support of a criminal complaint charging Rafael Gonzalez ARELLANO ("ARELLANO") with Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and

(b)(1)(A)(viii).

5. The information contained in this affidavit is based on my personal participation in this investigation and knowledge obtained from investigative reports, conversations with, and reviews of reported generated by local and federal law enforcement officials. Because the purpose of this affidavit is to demonstrate that there is probable cause for the requested complaint, the affidavit does not set forth every fact learned during the course of the investigation. I have set forth only those facts that I believe are necessary to establish probable cause for the requested criminal complaint. The dates, times, and weights described below are all approximate.

## PROBABLE CAUSE

6. Based on my personal participation in this investigation, and discussions with other law enforcement officers and reviews of reports generated by local and federal law enforcement officials, I learned the following:

   a. On ~~June 1~~ July 1, 2014, at approximately 12:00 PM, Los Angeles County Sheriff Department ("LASD") Deputy James Peterson while traveling south on the Interstate 5, north of Castaic, within Los Angeles County, observed a 2002 silver Honda Accord with tinted windows drifting in and out of lanes. At that time, Deputy Patterson conducted

3

a traffic stop of the silver Honda to issue a warning. Upon stopping the vehicle, Deputy Peterson observed the driver, subsequently identified as Rafael Gonzalez ARELLANO, as being extremely nervous. Specifically ARELLANO's hands were shaking as he handed Deputy Peterson his identification, registration and insurance and he was sweating despite the fact that he was sitting in an air conditioned car. Based on ARELLANO's behavior, Deputy Peterson requested consent to search the vehicle and ARELLANO provided verbal consent.

b.  While searching the trunk area of the vehicle, Deputy Peterson located a speaker box with a secreted compartment accessible through a latched door. Upon opening the compartment, Deputy Peterson located two square packages of a crystal like substance that field tested positive for methamphetamine. The methamphetamine was turned over to me, which I confirmed to weigh approximately 1.36 gross kilograms. Based on my training and experience, the quantity of methamphetamine in ARELLANO's possession has a street value of approximately $141,000.00. Thus, I believe this quantity was for distribution and not for personal use.

c.  Deputy Peterson continued to search the interior of

4

the silver Honda and located four cell phones. Based on my training and experience, I know that it is common for drug traffickers to carry multiple cellular phones in an attempt to avoid detection by law enforcement and that the four phones located in ARELLANO's vehicle were likely used by ARELLANO to facilitate drug trafficking.

d. Also found in the vicinity of the four cellular phones was a red notebook with the initials "RA" handwritten on the top right hand corner of the cover. The notebook contained a list of names corresponding to dollar amounts. Based on my training and experience, I believe the red notebook is a ledger containing a list of drug transactions. LASD Deputy Pete Romo, asked ARELLANO to write down his last two addresses. I then compared that writing to the writing in the red notebook and found that the handwriting appeared to be a match. Further, the initials "RA" on the front cover of the red notebook corresponds to ARELLANO's first and last name. Based on these facts, I believe that the drug ledger belongs to, and is maintained by ARELLANO.

e. When Deputy Peterson asked ARELLANO whether he owned the car he was traveling in, ARELLANO said that it was his friend's car, but he didn't know his friend's name.

ARELLANO also stated that his friend's name would be on the vehicle's registration papers. California DMV indicates the vehicle is registered to Jose Espinoza. ARELLANO indicated that he borrowed his friend's car to drive up to Modesto to look for work.

f. Deputy Peterson also discovered receipts indicating a K-Mart purchase in Anaheim, CA on June 30, 2014, and the purchase of food in Tulare, CA on July 1, 2014. I believe the dates of these receipt indicate that ARELLANO traveled from the Anaheim area to Tulare area and was returning when he was stopped by Deputy Peterson. Based on my experience, I know that bulk quantities methamphetamine are manufactured in Mexico, smuggled into California where it is then transported to various locations throughout the United States. Accordingly, I believe that sometime following the K-Mart purchase on June 30, 2014, ARELLANO transported a larger quantity of methamphetamine to Tulare California and was on his way back when he was stopped by Deputy Peterson.

g. While ARELLANO was being processed and fingerprinted, LASD ran a Live Scan search. The search returned information that ARELLANO has numerous aliases, including Jose Medina Feliciano. LASD further learned

6

that in 2004, Feliciano was arrested for possession of a controlled substance for sale and was subsequently convicted of possession of a controlled substance. On December 29, 2004, ARELLANO was deported by Immigration and Customs Enforcement and there is no record of a legal re-entry.

7. Based on the foregoing, I believe that there is probable cause to believe that on July 1, 2014, Rafael Gonzalez ARELLANO committed the crime of Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct and was executed on this 2nd day of July, 2014.

Hauns G. Charters
Special Agent
Drug Enforcement Administration

Sworn and subscribed to before me this 2 day of July, 2014.

MICHAEL R WILNER
UNITED STATES MAGISTRATE JUDGE