AO 91 (Rev. 11/82)     **AMENDED CRIMINAL COMPLAINT**     ORIGINAL

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RAFAEL GONZALEZ ARELLANO | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>M 14-01340 |

Amended Complaint for violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE MICHAEL R. WILNER | UNITED STATES MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|

| DATE OF OFFENSE<br>July 1, 2014 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii)]

On or about July 1, 2014, in Los Angeles County, within the Central District of California, defendant RAFAEL GONZALEZ ARELLANO knowingly and intentionally possessed with the intent to distribute at least five hundred grams, that is approximately 893.7 grams, of a mixture or substance containing a detectible amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(A)(viii).

FILED
CLERK, U.S. DISTRICT COURT
JUL 7 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>HAUNS CHARTERS<br>OFFICIAL TITLE<br>Special Agent – Drug Enforcement Administration (DEA) |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[1] | DATE<br>July 7, 2014 |
|---|---|

[1] See Federal Rules of Criminal Procedure 3 and 54

AUSA Ann C. Kim x2579     REC:

## AFFIDAVIT

I, Hauns G. Charters, being duly sworn, hereby declare and affirm:

## INTRODUCTION

1.  I am currently employed as a Special Agent of the Drug Enforcement Administration ("DEA") in Los Angeles, California and I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), who is empowered to conduct investigations of, and make arrests for the narcotics offenses enumerated in Title 18, United States Code, Section 2516. I have been so employed since August 2004. I am currently assigned to the Southern California Drug Task Force ("SCDTF"). I have personally participated in numerous investigations involving illegal narcotics and money laundering, and I also have reviewed reports of investigations concerning these offenses, which were prepared by Special Agents of the DEA and other law enforcement agencies.

2.  I have specialized training and experience in the investigation of narcotics trafficking. I have participated in numerous narcotics investigations as a case agent and in a subsidiary role. I have also participated in the debriefing of a significant number of defendants, informants, and witnesses who had personal

1

knowledge regarding major narcotics trafficking organizations. Additionally, I have participated in many aspects of drug investigations, including conducting surveillance and conducting court-ordered interceptions of wire communications. I am familiar with narcotics traffickers' methods of operation, including the manufacture, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotics trafficking, and money laundering. I am aware that drug traffickers often communicate with their drug-trafficking associates through the use of cellular telephones and digital display paging devices. I am also familiar as to the manner in which narcotics traffickers transport and distribute narcotics in areas they control.

3. I know that methamphetamine is a Schedule II controlled substance. I know that methamphetamine is illegal and imported into the United States in large quantities from points located in Mexico, repackaged in small quantities once it is smuggled into the United States, and sold to street level consumers.

## PURPOSE OF AFFIDAVIT

4. This affidavit is submitted to amend a previously filed and sworn criminal complaint charging Rafael Gonzalez ARELLANO ("ARELLANO") with Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code,

2

Sections 841(a)(1) and (b)(1)(A)(viii).

## SUMMARY OF PROBABLE CAUSE

5. The information contained in the original affidavit in support of a complaint signed and sworn to before the Honorable Michael R. Wilner, Magistrate Judge, on July 2, 2014 is incorporated by reference and attached hereto as Exhibit 1.

6. In the original affidavit, at paragraph 6.b., I wrote that the crystal like substance found in ARELLANO's vehicle field tested positive for methamphetamine. I had assumed the field testing had been done, but I did not speak directly to the deputies or officers in the field about the field test. In fact, on July 7, 2014, I discovered a field test was not performed on July 1, 2014.

7. On July 7, 2014, Special Agent Ryan D. Gossen, my supervisor at the DEA, spoke to Shana Middleton, forensic chemist at the DEA Southwest Regional Laboratory. Ms. Middleton told SA Gossen that a field test was performed by the DEA lab on July 7, 2014 of the substance seized from ARELLANO's vehicle on July 1, 2014, and the substance color tested positive for methamphetamine with a net weight of approximately 893.7 grams.

8. Based on the foregoing, I believe that there is probable cause to believe that on July 1, 2014, Rafael Gonzalez ARELLANO committed the crime of Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code,

Section 841(a)(1) and (b)(1)(A)(viii).

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct and was executed on this 7th day of July, 2014.

                                                Hauns G. Charters
                                                Special Agent
                                                Drug Enforcement Administration

Sworn and subscribed to before me this 7th day of July, 2014.

MICHAEL R WILNER
UNITED STATES MAGISTRATE JUDGE

4

# Exhibit 1

AO 91 (Rev. 11/82)

# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RAFAEL GONZALEZ ARELLANO | DOCKET NO.<br><br>MAGISTRATE'S CASE NO. 14-01340 |

FILED
CLERK, U.S. DISTRICT COURT
JUL - 2 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Complaint for violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE MICHAEL R. WILNER | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|
| DATE OF OFFENSE<br>July 1, 2014 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii)]

On or about July 1, 2014, in Los Angeles County, within the Central District of California, defendant RAFAEL GONZALEZ ARELLANO knowingly and intentionally possessed with the intent to distribute at least five hundred grams, that is approximately 1.36 kilograms, of a mixture or substance containing a detectible amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(A)(viii).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>**HAUNS CHARTERS**<br>OFFICIAL TITLE<br>Special Agent – Drug Enforcement Administration (DEA) |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[1]<br>**MICHAEL R WILNER** | DATE<br>July 2, 2014 |
|---|---|

[1] See Federal Rules of Criminal Procedure 3 and 54

AUSA Ann C. Kim x2579     REC: Detention

AFFIDAVIT

I, Hauns G. Charters, being duly sworn, hereby declare and affirm:

INTRODUCTION

1. I am currently employed as a Special Agent of the Drug Enforcement Administration ("DEA") in Los Angeles, California and I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), who is empowered to conduct investigations of, and make arrests for the narcotics offenses enumerated in Title 18, United States Code, Section 2516. I have been so employed since August 2004. I am currently assigned to the Southern California Drug Task Force ("SCDTF"). I have personally participated in numerous investigations involving illegal narcotics and money laundering, and I also have reviewed reports of investigations concerning these offenses, which were prepared by Special Agents of the DEA and other law enforcement agencies.

2. I have specialized training and experience in the investigation of narcotics trafficking. I have participated in numerous narcotics investigations as a case agent and in a subsidiary role. I have also participated in the debriefing of a significant number of defendants, informants, and witnesses who had personal

1

knowledge regarding major narcotics trafficking organizations. Additionally, I have participated in many aspects of drug investigations, including conducting surveillance and conducting court-ordered interceptions of wire communications. I am familiar with narcotics traffickers' methods of operation, including the manufacture, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotics trafficking, and money laundering. I am aware that drug traffickers often communicate with their drug-trafficking associates through the use of cellular telephones and digital display paging devices. I am also familiar as to the manner in which narcotics traffickers transport and distribute narcotics in areas they control.

3. I know that methamphetamine is a Schedule II controlled substance. I know that methamphetamine is illegal and imported into the United States in large quantities from points located in Mexico, repackaged in small quantities once it is smuggled into the United States, and sold to street level consumers.

## PURPOSE OF AFFIDAVIT

4. This affidavit is submitted in support of a criminal complaint charging Rafael Gonzalez ARELLANO ("ARELLANO") with Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and

(b)(1)(A)(viii).

5. The information contained in this affidavit is based on my personal participation in this investigation and knowledge obtained from investigative reports, conversations with, and reviews of reported generated by local and federal law enforcement officials. Because the purpose of this affidavit is to demonstrate that there is probable cause for the requested complaint, the affidavit does not set forth every fact learned during the course of the investigation. I have set forth only those facts that I believe are necessary to establish probable cause for the requested criminal complaint. The dates, times, and weights described below are all approximate.

## PROBABLE CAUSE

6. Based on my personal participation in this investigation, and discussions with other law enforcement officers and reviews of reports generated by local and federal law enforcement officials, I learned the following:

   a. On ~~June 1~~ July 6, 2014, at approximately 12:00 PM, Los Angeles County Sheriff Department ("LASD") Deputy James Peterson while traveling south on the Interstate 5, north of Castaic, within Los Angeles County, observed a 2002 silver Honda Accord with tinted windows drifting in and out of lanes. At that time, Deputy Patterson conducted

3

a traffic stop of the silver Honda to issue a warning. Upon stopping the vehicle, Deputy Peterson observed the driver, subsequently identified as Rafael Gonzalez ARELLANO, as being extremely nervous. Specifically ARELLANO's hands were shaking as he handed Deputy Peterson his identification, registration and insurance and he was sweating despite the fact that he was sitting in an air conditioned car. Based on ARELLANO's behavior, Deputy Peterson requested consent to search the vehicle and ARELLANO provided verbal consent.

b.  While searching the trunk area of the vehicle, Deputy Peterson located a speaker box with a secreted compartment accessible through a latched door. Upon opening the compartment, Deputy Peterson located two square packages of a crystal like substance that field tested positive for methamphetamine. The methamphetamine was turned over to me, which I confirmed to weigh approximately 1.36 gross kilograms. Based on my training and experience, the quantity of methamphetamine in ARELLANO's possession has a street value of approximately $141,000.00. Thus, I believe this quantity was for distribution and not for personal use.

c.  Deputy Peterson continued to search the interior of

4

that in 2004, Feliciano was arrested for possession of a controlled substance for sale and was subsequently convicted of possession of a controlled substance. On December 29, 2004, ARELLANO was deported by Immigration and Customs Enforcement and there is no record of a legal re-entry.

7. Based on the foregoing, I believe that there is probable cause to believe that on July 1, 2014, Rafael Gonzalez ARELLANO committed the crime of Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct and was executed on this 2nd day of July, 2014.

Hauns G. Charters
Special Agent
Drug Enforcement Administration

Sworn and subscribed to before me this 2 day of July, 2014.

MICHAEL R WILNER

UNITED STATES MAGISTRATE JUDGE

7